```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 06-22790-CIV-LENARD
                                      (04-20014-CR-LENARD)
                              MAGISTRATE JUDGE P. A. WHITE
```

MACDIEL DORTA,                        :

    Movant,                       :

v.                                    :     SUPPLEMENTAL REPORT
                                                          OF MAGISTRATE JUDGE
UNITED STATES OF AMERICA,             :

    Respondent.                   :
_____

This Matter is before this Court on the movant's "Motion for Reconsideration." (Cv-DE#19).

The movant initially filed a motion to vacate pursuant to 28 U.S.C. §2255, attacking his convictions and sentences for conspiracy to possess five kilograms or more of cocaine, attempt to possess five kilograms or more of cocaine, conspiracy to interfere with interstate commerce by robbery, attempting to interfere with interstate commerce by robbery, conspiracy to use, carrying, and brandish a firearm during and in relation to a drug trafficking offense, and possession of a firearm in furtherance of a drug trafficking offense or crime of violence, entered on a jury verdict in Case No. 04-20014-Cr-Lenard.

A Report[1] was entered recommending that the motion, containing four claims with a plethora of subissues, be denied. (Cv-DE#11). The movant filed objections with two supporting affidavits. (Cv-DE#16). On March 14, 2008, an Order was entered by the District

---

[1] The undersigned initial Report is made a part hereof and incorporated herein by reference and will not be repeated here. See Cv-DE#11.

Judge adopting the report and denying the movant's motion to vacate. (Cv-DE#18). The movant next filed a motion for reconsideration. (Cv-DE#19).

The district court has re-referred the matter to the undersigned for the limited purpose of a Supplemental Report and Recommendation regarding the two affidavits attached to the movant's objections. (Cv-DE#20).

Review of the record reveals that the movant provided an affidavit from his sister, Elizabeth Gonzalez, as well as, his own affidavit in support of his objections to the undersigned's initial Report. (Cv-DE#16). The movant's sister avers that appellate counsel, John Weinberg, advised her that if the movant paid him an additional $30,000.00, he could spend more time on the movant's case, hire a private investigator, and prepare an appellate brief which would guarantee reversal of the convictions and sentences, with a remand for a new trial. It should be noted that trial counsel, Rene Sotorrio, moved to withdraw after the movant filed a *pro se* motion declaring his indigency. (Cr-DE#278). Thereafter, trial counsel's motion was granted, and Attorney John Weinberg, was appointed pursuant to the Criminal Justice Act, to represent the movant on appeal. (Cr-DE#282). Attorney Weinberg thereafter filed an initial brief on appeal, raising the sole claim that the court erred in admitting evidence of uncharged conduct. See United States v. Dorta, 2005 WL 4780368 (11th Cir. 2005)(Appellant's Initial Brief on Appeal). There is nothing of record to suggest that appellate counsel was ineffective or that the assertions by the movant's

sister are true. This affidavit, provided after the conclusion of the movant's conviction became final is highly suspect.[2]

Moreover, as discussed in the initial Report, the law is clear that appellate counsel is not required to raise every non-meritorious on appeal. <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11 Cir. 1987). Even if we were to accept Gonzalez' statement as true, no showing has been made in this collateral proceeding that the payment of further monies, further investigation, or the hiring of an investigator would have altered the outcome of the appeal. Consequently, the sister's allegations, even if true, warrant no further consideration in this matter because the outcome of the movant's appeal would not have been altered. As will be recalled, there was overwhelming evidence of the movant's involvement in the offenses. Counsel raised the issue he believed to be most meritorious on appeal. Under these circumstances, the movant has failed to establish prejudice arising from appellate counsel's representation of the movant. Thus, any arguments in the Gonzalez affidavit does not alter this Court's prior recommendation that the movant received more than adequate representation on appeal.

---

[2] Post-trial, self-serving affidavits, such as the one relied upon by the movant in this case are viewed with extreme suspicion. <u>See</u> <u>Drew v. Scott</u>, 28 F.3d 460, 462-63 (5 Cir.), <u>cert</u>. <u>denied</u>, 512 U.S. 1266 (1994).  <u>See also</u> <u>May v. Collins</u>, 955 F.2d 299, 314 (5 Cir. 1992) and cases cited therein, <u>cert</u>. <u>denied</u>, 504 U.S. 901 (1992)(when faced with recanting affidavits, trial court may make credibility choice in favor of trial testimony without taking additional live testimony). The affidavit submitted post appeal claiming generally that counsel abandoned or otherwise performed deficiently on appeal because he was not paid additional funds is without substantiation in the record.

Next, the movant has provided his own, self-serving affidavit which reveals that he is once again reiterating the following claims:

1. He was denied effective assistance of counsel during pretrial, where his lawyer never discussed waiving the movant's right to be present during jury selection and the exercise of peremptory challenges. (Affidavit:1).

2. He was denied effective assistance of counsel during pretrial, where his lawyer never discussed with the movant the decision to enter into a stipulation as to certain facts with the government.

3. He was denied effective assistance of counsel, where his lawyer never advised the movant that the government possessed disks, videotapes, and audiotapes which it intended to use at trial. According to the movant, counsel never gave him the opportunity to review this discovery to determine whether the government had tampered with the evidence.

4. He was denied effective assistance of counsel, where his lawyer failed to advise the movant that he had agreed to stipulate that the subject firearm had traveled in interstate commerce.

5. He was entrapped by his coconspirators.

6. He was denied effective assistance of counsel on appeal, where his lawyer failed to challenge on appeal the issues raised in his §2255 motion, and further failed to confer with the movant regarding what issues would be raised.

These claims are a mere reiteration of claims 2B, 2C, 2E, 2F, 2G, and 3C previously raised and rejected by this Court in its

initial Report. The movant adds nothing of substance in his own affidavit to justify relitigation of these claims. The claims should therefore be denied for the reasons previously expressed by this Court in its initial Report. As noted therein, none of the claims individually or cumulatively warrant relief. The movant has failed to establish deficient performance or prejudice arising from counsel's representation pretrial, at trial, or on appeal.

As previously argued, the evidence against Dorta was overwhelming. Not only was he arrested at the scene of the planned robbery of a cocaine stash house, he and his coconspirators were tape-recorded having conversation about their cover stories. An undercover ATF agent acted as the drug courier whom the conspirators believed to be dissatisfied and looking for someone to rob his employer. Several of Dorta's coconspirators testified against him at trial, and conversations in which he participated were introduced against him at trial. Dorta has not shown that the result of his trial would have been different had counsel proceeded differently before or during trial. Even if counsel had pursued the subject claims on direct appeal, no showing has been made that this would have affected the outcome of the proceedings. Under these circumstances, no prejudice has been established arising from counsel's failure to pursue these issues on appeal. <u>Matire v. Wainwright</u>, 811 F.2d 1430, 1435 (11 Cir. 1987).

Finally, his claim that he was entrapped is clearly belied by the record. Thus, no showing has been made in this collateral proceeding that an entrapment defense would have succeeded and that the movant would have been acquitted.

In conclusion, it is evident that the movant received vigorous and able representation, more than adequate under the Sixth

Amendment standard; therefore, counsel's performance was not ineffective. Given the evidence adduced at trial, no showing has been made that the outcome of the proceeding would have been different and the movant would have been acquitted of the offenses, but for counsel's alleged deficiencies throughout all of the stages of the proceedings, as maintained by the movant in this collateral proceeding. Under these circumstances, the movant has failed to establish prejudice stemming from counsel's alleged deficient performance, pursuant to <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and is therefore entitled to no relief on these claims.

It is therefore recommended that the movant's motion for reconsideration (Cv-DE#19) be denied and this case remain closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed in chambers at Miami, Florida, this 24th day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Macdiel Dorta, <u>Pro Se</u>
    Reg. No. 70392-004
    Federal Correctional Institution
    P.O. Box 779800
    Miami, FL 33177

    Anthony W. Lacosta, Esq.
    Assistant United States Attorney
    99 N.E. 4th Street, Suite 700
    Miami, FL 33132