## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22790-CIV-LENARD/WHITE

**MACDIEL DORTA**,

       Movant,

vs.

**UNITED STATES OF AMERICA,**

       Respondent.

_____/

**ORDER ADOPTING SUPPLEMENTAL REPORT OF THE MAGISTRATE
JUDGE (D.E. 22) AND DENYING MOTION FOR RECONSIDERATION (D.E. 19)**

**THIS CAUSE** is before the Court on the Supplemental Report of Magistrate Judge
White ("Report," D.E. 22), issued on October 27, 2008.  In his Report, Magistrate Judge
White thoroughly addresses Movant Macdiel Dorta's Motion for Reconsideration ("Motion,"
D.E. 19), and recommends that the Court deny the Motion.  On or about December 2, 2008,
Movant filed his Objection to the Report ("Objections," D.E. 25).  Therein, Movant fails to
articulate any specific objection to the Report; in a section titled "Specific Objection to the
Magistrate Judge's Findings," he merely repeats the conclusory statement, "It was error,"
followed by the findings of the Magistrate Judge.  (See id. at 5-6.)  In any event, pursuant to
28 U.S.C. § 636(b)(1), the Court has reviewed the Report, the Objections, and the record and
finds that, for the reasons laid out by the Magistrate Judge in his Report, the Motion should
be denied.

On March 14, 2008, this Court entered an Order (see D.E. 18), adopting a Report by Magistrate Judge White recommending that Movant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 be denied (see D.E. 11, the "earlier Report").  Pursuant to the Court's Order, the Motion to Vacate Pursuant to 28 U.S.C. § 2255 was denied and the case was dismissed. (See D.E. 18.)  On March 25, 2008, Movant filed the instant Motion, contending therein that the Court failed to consider the two affidavits attached to his Objections to the earlier Report that he contends support his claims of ineffective assistance of counsel.  On March 31, 2008, the Court referred the Motion to Magistrate Judge White for the limited purpose of a supplemental report and recommendation regarding the affidavits attached to Movant's Objections.

In the Report, Magistrate Judge White finds that the affidavits do not change the findings of the earlier Report recommending that Movant's Motion to Vacate Pursuant to 28 U.S.C. § 2255 be denied.  One of the affidavits is from Movant's sister; therein, she avers that appellate counsel, John Weinberg, advised her that if Movant paid him an additional $30,000.00, he could spend more time on Movant's case, hire a private investigator, and prepare an appellate brief which would guarantee reversal of the convictions and sentences, with a remand for a new trial.  The Court concurs with Magistrate Judge White's findings that there is nothing of record to suggest that appellate counsel was ineffective or that the averments by Movant's sister in her affidavit are true.  First, as noted by the Magistrate Judge in the earlier Report, the evidence against Movant at trial was overwhelming.  (See D.E. 11

2

at 11 ("Not only was he arrested at the scene of the planned robbery of a cocaine stash house, he and his coconspirators were tape-recorded having conversation about their cover stories. An undercover ATF agent acted as the drug courier whom the conspirators believed to be dissatisfied and looking for someone to rob his employer. Several of [Movant]'s coconspirators testified against him at trial, and conversations in which he participated were introduced against him at trial.").)  Therefore, even if Movant's sister's affidavit were true, Movant cannot establish that he was prejudiced by his counsel's alleged behavior because there is no reasonable probability that the outcome of his appeal would have been different. See Strickland v. Washington, 466 U.S. 668 (1984) (holding that, to prevail on a claim of ineffective assistance of counsel, Movant must establish that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different).  Second, the Court views with suspicion the post-trial, self-serving affidavit of Movant's sister, especially as her claims are without further support in the record. Movant's appellate counsel, John Weinberg, appointed pursuant to the Criminal Justice Act, filed a brief on behalf of Movant on appeal that was denied.  As pointed out by Magistrate Judge White in his Report, "As will be recalled, there was overwhelming evidence [Movant]'s involvement in the offenses. Counsel raised the issue he believed to be most meritorious on appeal. Under these circumstances, [Movant] has failed to establish prejudice arising from appellate counsel's representation of [Movant]."  (D.E. 22 at 3.)  The Court

concurs.

As to the second affidavit, from Movant himself, the Court agrees with Magistrate Judge White that the averments contained therein are either irrelevant or are simply reiterations of claims made in his original Motion to Vacate. These claims have already been litigated and rejected, and therefore add nothing of substance to his Motion for Reconsideration.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.      The Supplemental Report of Magistrate Judge Patrick A. White (D.E. 22), issued on October 27, 2008, is **ADOPTED**.

2.      Movant's Motion for Reconsideration (D.E. 19) filed March 25, 2008, is **DENIED**.

3.      This case remains **CLOSED.**

4.      All pending motions not otherwise ruled upon are hereby **DENIED as moot.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of March, 2009.

*Joan A. Lenard*

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

4